```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KAMAL KARNA ROY, pro se,                                  :
                                                          :
                              Plaintiff,                  :
        -against-                                         :     **ORDER DENYING LEAVE TO FILE**
                                                          :         08-CV-3120 (DLI) (LB)
DEMOCRATIC REPUBLIC OF USA,                               :
                                                          :
                              Defendant.                  :
----------------------------------------------------------x
```
**DORA L. IRIZARRY, U.S. District Judge:**

On July 23, 2008, the court received another of the lengthy and illegible submissions that have caused *pro se* litigant Kamal Karna Roy to be barred from filing any new *in forma pauperis* actions in this court without first obtaining leave of the court. Liberally construing the submission as a request for leave to file the action, the court denies his request that the action be filed.[1]

As recounted in this court's orders dismissing the complaints in *In re Roy*, No. 08-CV-1257 (DLI) (LB), 2008 WL 2065702 (E.D.N.Y. May 13, 2008); *In re Roy*, No. 08-CV-0388 (DLI) (LB); *Roy v. Gramlegeek-Blog*, No. 07-CV-4889 (DLI) (LB), 2007 WL 4299177 (E.D.N.Y. Dec. 5, 2007); *Roy v. We the People*, No. 07-CV-3420 (DLI) (LB); *Roy v. We the People*, No. 07-CV-2930 (DLI) (LB); and *Roy v. State of New York*, No. 07-CV-0340 (DLI) (LB), 2007 WL 602303 (E.D.N.Y. Feb. 20, 2007), Mr. Roy has a history of filing frivolous and vexatious litigation in this and other courts across the country. *See also Kamal Karna Roy a/k/a/ Jungle Democracy v. CBS Inc., et al*, No. 07-206-SLR (D. Del. May 4, 2007) (permanently enjoining future filings after finding sharp, two-inch needles stuck into papers); *Roy v. United States*, No. 06-685-SLR, 2007 WL 1109296 at *1 (D. Del. April 11, 2007, as amended April 24, 2007) (cataloguing a selection of Mr. Roy's filings within the District of Delaware and elsewhere).

In the most recent prior case filed in this district, the court issued an order enjoining Mr. Roy

---

[1] The civil docket number was assigned in error. Any future submissions for which leave to file is denied will be docketed on the courts miscellaneous docket.

from filing any new *in forma pauperis* action in this court without first obtaining leave of the court, and directing the Clerk of Court to return to Mr. Roy, without filing, any action that is received without an application seeking leave to file. *In re Roy*, No. 08-CV-1257 (DLI) (LB). The instant submission does not contain a clear statement requesting the court's leave to file. It does, however, incorporate a letter received from the Pro Se Office of the District Court for the Eastern District of New York indicating that his initial submission was returned without filing for failure to pay the fee. (ECF Docket Entry 1 at 7.) Mr. Roy has also included a partial copy of one of this court's prior orders, on which he has written the following notation: "Restriction to file. . . . Motion attached to file complaint." (*Id*. at 9.) However, the court cannot find an attached motion nor discern any facts or legal arguments in support of such a motion.

Accordingly, Mr. Roy is denied leave to file the instant action. Similar to his previous submissions, the instant complaint is improper and frivolous, in that it lacks any basis in law or fact. 28 U.S.C. § 1915(e)(2)(B). The court's order barring Mr. Roy from filing future *in forma pauperis* complaints remains in effect. The Clerk of Court is directed to return without filing any future *in forma pauperis* complaint submitted by Mr. Roy without a clear request for leave to file. Mr. Roy is warned that any future request must be clear and concise and contain supporting arguments. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

Dated: Brooklyn, New York
      August 8, 2008

                                    _____/s/_____
                                    DORA L. IRIZARRY
                                  United States District Judge